IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Rickey L. Jordan, | : | |
| | : | Case No. 1:21-cv-504 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Defendant's Motion for |
| United States of America, | : | Summary Judgment and Denying |
| | : | Plaintiff's Dispositive Motion and |
| Defendant. | : | Motion for Complaint Modification |
| | : | |

This matter is before the Court on Plaintiff's Motion for Complaint Modification, Plaintiff's Dispositive Motion, and Defendant's Motion for Summary Judgment. (Docs. 39, 40, 44.) In this case, Plaintiff Rickey L. Jordan has asserted a medical malpractice claim against the United States for the allegedly negligent care he received at the Cincinnati Veterans Affairs Medical Center ("CVAMC") in February 2020. Defendant United States of America ("the Government") denies any wrongdoing. Jordan now moves to add a claim for medical battery and for summary judgment. The Government opposes Jordan's Motions and moves for summary judgment in its favor. For the reasons that follow, the Court will **DENY** Jordan's Motion for Complaint Modification, **DENY** his Dispositive Motion, and **GRANT** the Government's Motion for Summary Judgment.

**I.    BACKGROUND**

**A.    Factual Allegations**

On February 23, 2020, Jordan, a United States miliary veteran, presented for treatment for chest pain at Bethesda North Hospital. (Doc. 40-1 at PageID 171.) He was diagnosed with a "non-ST elevated myocardial infarction." (*Id.*) He requested to be transferred to the CVAMC,

1

and he was transferred on February 24, 2020. (*Id.*; Doc. 44-1 at PageID 196.) The CVAMC cardiologist placed three stents in his left anterior descending coronary artery. (Doc. 44-1 at PageID 197.) He was discharged "on a stable medical regimen" on August 28, 2020. (*Id.*)

Jordan then presented at The Christ Hospital on August 29, 2020 with chest pain. (Doc. 37 at PageID 165.) The Christ Hospital admission notes indicated that he had "redeveloped his angina symptoms and was admitted [ ] with a NSTEMI [non-ST elevated myocardial infarction]." (Doc. 40-1 at PageID 173; *see also* Doc. 44-1 at PageID 197.) He was treated by undergoing a "Selective coronary angiography" and a "Left Heart Catheterization." (Doc. 40-1 at PageID 173; *see also* Doc. 44-1 at PageID 197, 201.) He was discharged on March 1, 2020 in stable condition. (Doc. 44-1 at PageID 197.) Jordan alleges that he was denied follow-up cardiac care at the CVAMC. (Doc. 40 at PageID 169.)

**B.      Procedural History**

On August 10, 2021, Jordan filed a *pro se* Complaint against the Government asserting a medical malpractice claim under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* (Doc. 3 at PageID 13; Doc. 37 at PageID 164.) He alleged that he received an improper diagnosis and improper treatment for coronary artery blockages at the CVAMC on February 24, 2020, which ultimately resulted in him having "chronic severely limited physical function." (Doc. 3 at PageID 14.) He sought $2,840,000 in damages. (*Id.* at PageID 15.) The Government filed an Answer denying liability. (Doc. 6.) Following a preliminary pretrial conference, the Court issued a Calendar Order setting a June 30, 2022 deadline for Jordan to identify an expert and produce an expert report and a November 30, 2022 discovery deadline. (Doc. 11.)

On March 17, 2022, Jordan filed a motion to have the Court appoint an expert witness in the case. (Doc. 15.) The Government opposed the Motion, and the Magistrate Judge correctly

2

issued an Order denying the Motion. (Docs. 16, 20.) The Magistrate Judge explained that district courts are neither authorized nor do they have funding to appoint medical experts for plaintiffs. (Doc. 20 at PageID 98.) She further explained that Jordan had not established that the appointment of counsel was necessary under Federal Rule of Evidence 706 to assist the Court. (*Id.* at PageID 98–99.)

On April 5, 2022, Jordan filed an Amended Pleading, treated by the Government and the Court as an Amended Complaint. (Doc. 17). He alleged therein that the cardiologist at the CVAMC breached the duty of care owed to him by not performing a coronary artery bypass graft to treat his blockages rather than placing stents. (*Id.* at PageID 88.) He again sought damages in the amount of $2,840,000. (*Id.* at PageID 89.) The Government filed an Answer to Amended Complaint denying liability. (Doc. 18.)

Then, upon the unopposed request of Jordan, the Magistrate Judge extended the deadline for Jordan to file an expert report until August 1, 2022. (Doc. 26.) She did not extend the discovery deadline or other scheduling dates. However, on December 21, 2022, the Magistrate Judge granted Jordan's request to extend the discovery deadline to March 7, 2023. (Doc. 36.)

After the expiration of the discovery deadline, Jordan filed the pending Motion for Complaint Modification seeking to add a claim for "the crime of MEDICAL BATTERY" against the Government. (Doc. 39.) He also filed his Dispositive Motion requesting the Court grant him summary judgment. (Doc. 40.) Jordan did not file an expert report to support his FTCA medical negligence claim. Finally, the Government filed its Motion for Summary Judgment supported by an expert report from Evan Appelbaum, MD. (Docs. 44, 44-1.) Both parties filed briefs in opposition to each other's Motions. (Docs. 45, 47.) The Motions are ripe for adjudication, although neither party filed reply briefs.

**II.     STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden to show that no genuine issues of material fact are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–587 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–324 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

A court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "[F]acts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added); *see also EEOC v. Ford Motor Co.*, 782 F.3d 753, 760 (6th Cir. 2015) (*en banc*) (quoting *Scott*). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014) ("A dispute is 'genuine' only if based on *evidence* upon which a reasonable jury could return a verdict in favor of the non-moving party.") (emphasis in original) (citation omitted). "Where the parties have filed cross-motions for summary judgment, the court must consider each

motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law." *In re Morgeson*, 371 B.R. 798, 800–01 (B.A.P. 6th Cir. 2007).

### III. ANALYSIS

Jordan has asserted a claim for medical malpractice against the Government pursuant to the FTCA. The FTCA sets forth the circumstances by which the United States can be held liable for torts "in the same manner and to the same extent as a private individual." 28 U.S.C. § 2674. "Liability under the [FTCA] is determined by reference to the law of the state where the alleged medical malpractice or negligence occurred." *Lyons v. Brandly*, 430 F. App'x 377, 381 (6th Cir. 2011); *see also Gallivan v. United States*, 943 F.3d 291, 294 (6th Cir. 2019) ("[S]ubstantive state law governs the *merits* of a FTCA claim[.]") (emphasis in the original). Therefore, Ohio law governs Jordan's medical malpractice claim. A plaintiff must establish the following elements to prove medical malpractice in Ohio: "(1) the applicable standard of medical care; (2) defendant's negligent failure to meet that standard; and (3) that the defendant's negligence proximately caused the plaintiff's injury." *Rodriguez v. United States*, No. 1:14-CV-02526, 2015 WL 5444804, at *2 (N.D. Ohio Sept. 15, 2015) (citing *Bruni v. Tatsumi*, 46 Ohio St. 2d 127, 346 N.E.2d 673 (1976)).

Important to this case, "[t]he Sixth Circuit has applied the expert testimony rule in Ohio medical malpractice to actions brought under the FTCA." *Id.* That is, a plaintiff alleging medical malpractice in Ohio must prove "by a preponderance of the evidence and generally through expert testimony, that the defendant medical providers failed to adhere to the appropriate standard of care recognized by the relevant medical community and that such failure caused the

plaintiff injury." *Lyons*, 430 F. App'x at 381; *see also Bruni*, 346 N.E.2d at 677 ("Proof of the recognized standards must necessarily be provided through expert testimony.") Expert testimony is not required in Ohio only when "the lack of skill or care of the physician and surgeon is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it." *Bruni*, 346 N.E.2d at 677. A plaintiff's failure to provide expert testimony on the standard of care and breach of that standard of care is fatal to his FTCA medical malpractice claim. *See*, *e.g.*, *Matthews v. Robinson*, 52 F. App'x 808, 810 (6th Cir. 2002) (dismissing FTCA medical malpractice claim based on Kentucky law when plaintiff failed to produce expert testimony); *Rodriguez v. United States*, No. 1:14-CV-02526, 2015 WL 5444804, at *2 (N.D. Ohio Sept. 15, 2015) (granting summary judgment on an FTCA medical malpractice claim against plaintiff who failed to timely file an expert report).

It follows that the Government is entitled to summary judgment here because Jordan has not identified an expert witness or produced an expert report to support his FTCA medical malpractice claim.[1] Trying to avoid this result, Jordan asserts that the Court can find that the CVAMC was negligent pursuant to the doctrine of *res ispa loquitur*. *Res ipsa loquitur* is a rule of evidence that permits a factfinder "to draw an inference of negligence where the instrumentality causing the injury was, at the time of the injury, under the exclusive control of the defendant, and that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed." *Cameron v. Children's Hosp. Med. Ctr.*, 250 F. Supp. 2d 848, 854 (S.D. Ohio 2002).

The Court will not apply *res ipsa loquitur* here. In the medical context, "[t]he classic *res ipsa* case involves a sponge or surgical instrument left in the body during a surgical procedure."

---

[1] In addition to requesting that the Court provide him with a medical expert, Jordan asserts that he "contacted multiple medical professionals requesting legal documentation in support of my malpractice claim without success." (Doc. 37 at PageID 165.)

6

*Ross v. Am. Red Cross*, 567 F. App'x 296, 310 (6th Cir. 2014). The facts of this case are significantly more complicated than that. Jordan was treated for continuing chest pain at three different medical facilities over a period of more than a week. Dr. Appelbaum, the cardiologist retained as an expert witness by the CVAMC, asserted that the CVAMC's treatment of Jordan did not breach the applicable standard of care. (Doc. 44-1 at PageID 201–202.) He examined the medical records and explained the particular factors that made it appropriate for the CVAMC physician to have chosen a three-stent procedure instead of a coronary artery bypass graft procedure. (*Id.*) Matters involving cardiac care far exceed the common knowledge of lay persons, and therefore this case is one that cannot be resolved in a plaintiff's favor without expert testimony or by using a *res ipsa loquitur* inference. *Cf. Rose v. United States Louis Stokes VA Med. Center*, No. 1:19CV514, 2022 WL 896667, at *5 (N.D. Ohio Mar. 28, 2022) (finding that "medical decisions regarding diagnosis, treatment[,] and causation" of a cancer patient fall outside a lay person's knowledge), *appeal dismissed*, No. 23-3310, 2023 WL 5274460 (6th Cir. May 4, 2023). Jordan's failure to provide expert medical testimony is fatal to his claim.

Finally, the Court turns to Jordan's Motion for Complaint Modification to add a claim for "the crime of MEDICAL BATTERY." First, Jordan filed the Motion in a prejudicially untimely manner after the deadline for discovery had passed. Second, a civil plaintiff cannot bring a criminal charge against a civil defendant in a civil case. Third, a claim for battery is subsumed into the claim for medical malpractice under these facts. *See Mooney v. Cleveland Clinic Found.*, 65 F. Supp. 2d 682, 685 (N.D. Ohio 1999). The facts in *Mooney* are analogous, and the district court's analysis is on point:

> Mrs. Mooney's battery claim is also subsumed by the malpractice claim. A battery is an intentional and unlawful touching without consent. Mrs. Mooney is not alleging that Dr. Strong waylaid her husband on the street and performed surgery without his consent. On the contrary, there is no dispute that Mr. Mooney

7

> consented to some form of intestinal surgery. Mrs. Mooney is claiming that Dr. Strong performed a surgery which differed from the one to which Mr. Mooney consented. This is still a claim for medical malpractice, not common law assault and battery.

*Id.* Likewise, the gist of Jordan's claim is that although he consented to the stent procedure by the CVAMC physician, he did not know that a coronary artery bypass graft procedure allegedly would have led to a better outcome. (Doc. 17 at PageID 88–89; Doc. 39 at PageID 168.) This remains a medical malpractice claim, not a typical common law assault. The Court will not allow Jordan to add a separate claim for battery.

### IV. CONCLUSION

For the foregoing reasons, Jordan's Motion for Complaint Modification (Doc. 39) and Jordan's Dispositive Motion (Doc. 40) are **DENIED**, and the Government's Motion for Summary Judgment (Doc. 44) is **GRANTED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge