# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RICKEY L. JORDAN,                         Case No. 1:21-cv-00504
      Plaintiff,                         Dlott, J.
                                      Litkovitz, M.J.

      vs.

UNITED STATES OF AMERICA,                 **REPORT AND RECOMMENDATION**
      Defendant.

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 52).

Plaintiff's sworn declaration states that he and his spouse have over $12,000 in monthly income. (Doc. 52 at PAGEID 261). Plaintiff's declaration states he also has $15,000 in a checking and/or savings account. (*Id*. at PAGEID 262). Plaintiff's declaration further states he has $23,000 worth of gold bullion and $36,000 worth of silver bullion. (*Id*.).

The Court is unable to conclude from plaintiff's declaration that his income and assets are insufficient to provide him and his family with the necessities of life and still have sufficient funds to pay the full filing fee of $505.00 in order to appeal this action. *See Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Therefore, plaintiff's motion to proceed *in forma pauperis* on appeal should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 52) be **DENIED**.

2. Plaintiff be advised of the following:

Pursuant to Fed. R. App. P. 24(a)(4), a plaintiff may file, within thirty (30) days after service of any Order adopting the Report and Recommendation, a motion with the Sixth Circuit

Court of Appeals for leave to proceed as a pauper on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). The plaintiff's motion must include a copy of the affidavit filed in the District Court and the District Court's statement of the reasons for denying pauper status on appeal. *Id*.; *see* Fed. R. App. P. 24(a)(5).

The plaintiff is notified that if the plaintiff does not file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5), or fails to pay the required filing fee of $505.00 within this same time period, the appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804. Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless the plaintiff can demonstrate that the plaintiff did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5). *Id*.

Date: 9/22/2023

Karen L. Litkovitz, Chief Magistrate Judge
United States District Court

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RICKEY L. JORDAN,                               Case No. 1:21-cv-00504
        Plaintiff,                         Dlott, J.
                                         Litkovitz, M.J.

        vs.

UNITED STATES OF AMERICA,
        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3