IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Rickey L. Jordan, | : | |
| | : | Case No. 1:21-cv-504 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion to Proceed *In Forma Pauperis* on Appeal |
| United States of America, | : | |
| | : | |
| Defendant. | : | |
| | : | |

This matter is before the Court on Magistrate Judge Karen L. Litkovitz's Report and Recommendation ("R&R") recommending that Plaintiff Rickey L. Jordan's Motion to Proceed *In Forma Pauperis* on Appeal be denied. (Docs. 52, 53.) Jordan has filed Objections to the R&R. (Doc. 54.)

**I.**

Title 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure authorizes magistrate judges to decide nondispositive matters which have been referred to them. If a party timely files objections to a magistrate judge's decision on a nondispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Likewise, 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. A district judge must review a timely objection to a report and recommendation on a dispositive matter under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).

1

Applying a *de novo* review, the Court agrees with the Magistrate Judge that Jordan can pay the required filing fee without undue hardship. Brown states in his sworn application that his monthly expenses exceed $5,000 and his income the past twelve months was approximately $13,000. However, he also states that he has almost $15,000 in savings or checking accounts, plus he owns gold and silver bullions worth $59,000 and a house worth $230,000. (Doc. 52 at PageID 262.) He appears to admit in his Objections that he owns vehicles which he did not list among his financial assets in the sworn application. (Doc. 54 at PageID 267; Doc. 52 at PageID 261.) The "pauper status does not require absolute destitution, [rather] the question is whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Although Plaintiff Jordan might want to maintain financial reserves in the case of emergencies, the Court concludes that requiring him to pay the filing fee would not deny him "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

## II.

Accordingly, the Report and Recommendation (Doc. 53) is **ADOPTED**, the Objections (Doc. 54) are **OVERRULED**, and the Motion to Proceed *In Forma Pauperis* on Appeal (Doc. 52) is **DENIED**.

Plaintiff Jordan is advised that pursuant to Fed. R. App. P. 24(a)(4), he may file, within thirty (30) days after service of this Order a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). The plaintiff's motion must include a copy of the affidavit filed in the District Court and the District

Court's statement of the reasons for denying pauper status on appeal.  *Id*.; *see* Fed. R. App. P. 24(a)(5).

If Plaintiff Jordan does not file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5), or if he fails to pay the required filing fee of $505.00 within this same time period, the appeal will be dismissed for want of prosecution.  *Callihan*, 178 F.3d at 804.  Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless Plaintiff Jordan can demonstrate that the he did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5).  *Id*.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge